**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINKANG ZHANG, | No. 16-72797 |
| Petitioner, | Agency No. A205-181-585 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Yinkang Zhang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings and review de novo questions of law. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Zhang's contentions as to an imputed or actual political opinion because he failed to raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The record does not compel the conclusion that Zhang applied for asylum within a reasonable period of any extraordinary circumstances as to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (364-day delay in filing after cessation of extraordinary circumstances was not reasonable).

Substantial evidence supports the agency's denial of CAT relief because Zhang failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to withholding of removal, the BIA determined that Zhang failed to establish past harm rising to the level of persecution on account of his Christian religion. In doing so, the BIA erred by making factual findings in the first instance regarding whether his past harm constituted a "significant deprivation" of his

rights, practices, or day-to-day life. *See Vitug v. Holder*, 723 F.3d 1056, 1063-64 (9th Cir. 2013) (BIA erred in making factual findings about past events in the first instance). Thus, we grant the petition for review and remand Zhang's withholding of removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**